**Exhibit A**

# EMPLOYMENT SEPARATION AGREEMENT, SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **Employment Separation Agreement, Settlement Agreement and General Release** ("Settlement Agreement") is entered into as of the __11TH__ day of **September, 2017** by and between the **City of Pawtucket** ("City") and **Jessie E. Washington** ("Washington").

**WHEREAS** Washington was employed by the City as a Paralegal in the Law Department from March 3, 2014 through May 10, 2017; and

**WHEREAS,** Washington filed a charge of discrimination with the Rhode Island Commission for Human Rights ("RICHR") against the City, which was captioned RICHR No. 15 ERA 188-05/05, EEOC No. J-2015-0188 (the "RICHR Charge") with respect to which the RICHR issued a determination of "no probable cause" on February 24, 2017; and

**WHEREAS,** Washington has asserted claims against the City in a civil action in United States District Court for the District of Rhode Island (the "Court"), captioned *Jessie E. Washington v. City of Pawtucket, by and through its Treasurer, Shaun Strobel, alias*, C.A. No. 17-cv-00049-S-LDA (the "Civil Action"); and

**WHEREAS,** on May 10, 2017, following the conclusion of a pre-termination hearing that was conducted on May 5, 2017, the City terminated Washington's employment; and

**WHEREAS,** Washington appealed the termination of her employment to the Pawtucket Personnel Board; and

**WHEREAS,** Washington's attorney advised counsel for the City that she intended to amend her complaint in the Civil Action to include a claim for retaliation as well as all the claims underlying the RICHR Charge; and

**WHEREAS,** Washington and the City (collectively, the "Parties") now seek to fully and finally resolve any and all disputes among them, to terminate the Civil Action and to prevent additional disputes from arising among them in the future; and

**NOW THEREFORE,** in consideration of the mutual covenants contained herein and intending to be legally and equitably bound hereby, the City and Washington do hereby act, covenant and agree as follows:

1. **Resignation of Employment.** Washington shall be deemed to have resigned and does hereby voluntarily, unconditionally, absolutely and irrevocably resign her employment with the City effective May 10, 2017. The City accepts Washington's resignation. In addition, Washington hereby waives any rights to re-employment with the City or and/or any of its divisions, boards, departments, commissions or any other related

entity. It is expressly understood and agreed that Washington's promises in this paragraph are made solely in consideration of the mutual promises and undertakings of the Parties herein.

2. **Dismissal of the Civil Action**. The Parties agree to dismiss the Civil Action with prejudice. The Parties agree to seek judicial approval of the Settlement Agreement and to execute any and all documents and/or take any other action reasonably necessary to effectuate the judicial approval of the Settlement Agreement and the dismissal of the Civil Action.

3. **Settlement Payment**. In consideration of the mutual promises and undertakings of the Parties herein, the City shall tender payment to and/or on behalf of Washington in the amount of **Fifty Thousand Dollars ($50,000.00)** (the "Settlement Payment"). The Settlement Payment shall be tendered between January 1, 2018 and January 15, 2018, provided that the Court has entered a judgment approving this Settlement Agreement and dismissing with prejudice the Civil Action, but if such judgment has not been entered by January 1, 2018, then the Settlement Payment shall be tendered not later than 15 days after the entry by the Court of such judgment, allocated and made payable as set forth in Section 4, below. Other than the Settlement Payment, Washington shall receive no other payments or benefits from the City. Washington acknowledges that she has been paid all wages, overtime, commissions, bonuses, incentives, leave, severance, separation, vacation, personal days, expenses, benefits and other compensation, payments and other forms of remuneration of any kind or nature that may have been owed to her in consideration of and as compensation for hours worked for the City and/or her service as an employee of the City. Washington further acknowledges that she is owed no other monies by the City except vested benefits under any retirement or pension plan and/or deferred compensation plan, if any.

4. **Allocation of Settlement Payment**. The Settlement Payment shall be allocated and paid as follows:

a) A check in the amount of Ten Thousand ($10,000.00) Dollars, for unpaid wages, less applicable deductions and withholdings, made payable to "Jessie E. Washington," for which she will be issued an IRS Form W-2;

b) A check in the amount of Ten Thousand ($10,000.00) Dollars, for liquidated damages, made payable to "Jessie E. Washington," for which she will be issued an IRS Form 1099 Misc. (Box 3—Other Income);

c) A check in the amount of Twelve Thousand Five Hundred ($12,500.00) Dollars, for non-economic damages, made payable to "Jessie E. Washington," for which she will be issued an IRS Form 1099 Misc. (Box 3—Other Income);

d) A check in the amount of Fifteen Thousand ($15,000.00) Dollars, for counsel fees and costs, made payable to "Sinapi Law Associates, Ltd.," for which it will be issued an IRS Form 1099 Misc.; and,

e)   A check in the amount of Two Thousand Five Hundred ($2,500.00) Dollars, for counsel fees and costs, made payable to "Louise A. Herman, Esq.," for which she will be issued an IRS Form 1099 Misc.

5. **Release of Claims**. Washington acknowledges and agrees that any and all claims, demands and causes of action, of any nature, known or unknown, arising out of, related to or associated in any way with her employment with the City and her termination that she now has, ever had or may have against the City and its past, present and future elected officials, directors, officers and employees, as well as their respective successors, assigns, agents, employees, servants and insurers (collectively, the "Releasees") are fully satisfied, discharged, compromised and settled by the City's payment of the Settlement Payment as well as her receipt of the other good and valuable consideration referenced herein, which is hereby acknowledged. Washington further acknowledges that this release of claims includes all of the claims that were, or could have been, asserted in the Civil Action and the RICHR Charge.

Washington does hereby remise, release, discharge and forever quitclaim unto the Releasees any and all debts, demands, actions, causes of action, specialties, covenants, contracts, controversies, agreements, promises, doings, omissions, variances, damages, executions, claims, rights, liabilities, suits, sums of money, accounts, attorneys' liens, rights to counsel fees and extents whatsoever, both at law and in equity, now existing or which may result from the existing state of things, which Washington now has or ever had against the Releasees, from the beginning of the world to the day of the date of these presents, arising out of or in any way related to her employment with the City, and her termination, appeal and resignation of employment with the City. Washington further understands and agrees that among the rights she is releasing and waiving (but without limiting in any way the all-encompassing and general nature of this instrument) are all rights to sue or make claims against the Releasees for discrimination and/or harassment based on her race, religion, color, sex, sexual orientation, age, national origin or physical or mental disability under all federal or state laws or City ordinances, rules and policies, as originally enacted and as amended, including without limitation: the Fair Labor Standards Act, the Rhode Island Payment of Wages Act, the Civil Rights Act of 1964, the Rhode Island Fair Employment Practices Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Vocational Rehabilitation Act of 1973, the Rhode Island Parental and Family Medical Leave Act, the Rhode Island Civil Rights of People with Disabilities Act, the Rhode Island Whistleblowers' Protection Act, the Rhode Island Civil Rights of People with Disabilities Act, the Rhode Island Civil Rights Act, and any and all other Rhode Island and federal employment discrimination and civil rights laws. Washington agrees not to sue the Releasees or anyone otherwise connected to the City for any reason, intending this provision to act as a full and total release of any and all claims Washington may have against the Releasees, whether or not specifically referred to herein. Notwithstanding the foregoing, the parties acknowledge that this release does not include any rights that Washington cannot lawfully waive, and will not release any rights Washington may have to (a) claims under the Rhode Island Workers' Compensation Act; (b) claims, actions, or rights arising under or to enforce the terms of this Agreement; (c)

vested benefits under any retirement or pension plan and/or deferred compensation plan; and/or (d) any pending charge or claims with the Rhode Island Supreme Court Disciplinary Counsel.

In consideration of the mutual promises and undertakings of the Parties herein, which the City acknowledges constitute a sufficient basis to support its obligations under this Agreement, the City hereby releases and forever discharges Washington from any and all demands, claims, causes of action and/or lawsuits, known and unknown, that the City may have or has had against Washington from the beginning of time to the date hereof, including, without limitation, those arising from or in any way related to Washington's employment or relationship with the City, whether under any state or federal statute, law, regulation or ordinance, under common law or at equity or based on any agreement, explicit or implied, including but not limited to any claim or lawsuit alleging, by way of example and not limitation, breach of loyalty or breach of fiduciary duty.

6. **Compromise of Disputed Claims**. This Settlement Agreement is entered into by Washington and the City for the sole purpose of compromising and settling the matters involved in the disputes referenced herein. It is expressly understood and agreed that this Agreement and Release shall not constitute nor be construed as an admission by the City or Washington of any violation of civil or criminal law, including but not limited to the statutes delineated in Section 5, above.

7. **Withholding/Deduction from Settlement Payment**. The City shall withhold from the Settlement Payment under Section 4.a) all taxes required under applicable law.

8. **Participation in Administrative or Other Proceedings**. Washington shall not initiate any administrative agency communications, investigations, proceedings or other agency activities that involve any conduct of the Releasees occurring up through the date hereof, unless compelled by legal process to do so.

9. **Confirmation of Employment.** The City shall provide Washington with a letter confirming her employment with the City in the form attached hereto as Exhibit A. The Parties mutually agree and represent that neither Washington nor any City official or department head will engage in any conduct or communications, whether oral, written or electronic, that is intended to denigrate, disparage, or malign the business or personal reputation of either Washington or the City official or department head, or his or her family or anyone associated with him or her. When asked, the City will represent to its employees, agents and any third parties that the separation was amicable. The City shall also orally confirm Washington's job title, duties, and dates of employment with the City and will further represent that this is the extent of the information that the City can provide, with the exception of the Exhibit A letter. The City and/or its employees and agents shall not provide any information to a prospective employer *other* than as provided herein, without the express, written approval of Washington on each occasion.

10. **Attorneys' Fees**. Each Party each shall be responsible for her or its own attorneys' fees and costs arising out of the Civil Action and the resolution of the dispute, except as expressly provided herein.

11. **Taxes and Other Deductions**. The Settlement Payment under Section 4.a) will be reduced by all taxes and deductions that the City is required to withhold under applicable law.

12. **Consultation with Counsel**. Washington understands and acknowledges that she has been advised to seek the advice of an attorney prior to executing this Settlement Agreement. To the extent set forth herein, by executing this Settlement Agreement, Washington is giving up any legal claims that Washington has or may have against the City and the Releasees.

13. **Governing Law**. This Settlement Agreement shall be governed by the laws of the State of Rhode Island.

14. **Jurisdiction/Enforcement**. Enforcement of any terms and conditions of this Agreement and Release, or any disputes related thereto, shall be filed with any court of competent jurisdiction in the State of Rhode Island.

15. **Entire Agreement**. No representations or promises have been made to or relied upon by the Parties or by any person acting for or on their behalf in connection with the subject matter of this Settlement Agreement, other than the terms specifically set forth herein. This Settlement Agreement constitutes the entire agreement between the Parties. This Settlement Agreement extinguishes and supersede any and all other or prior agreements, representations or understandings between Releasors and Releasees, and shall not be modified, supplemented or novated in any manner, other than a writing executed by the Parties.

16. **Binding Effect**. This Settlement Agreement shall be binding upon the Parties and their heirs, successors and assigns.

17. **Counterparts**. This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Facsimile signatures shall have the same force and effect as original signatures.

18. **Authorization**. Individuals signing this Settlement Agreement in their representative capacities are fully authorized to do so.

19. **Drafter of Settlement Agreement**. Both Parties have played a role in drafting this Settlement Agreement. In the event of a dispute relating to this Settlement Agreement, no portion of the Settlement Agreement will be construed against any Party as the drafter of that provision.

20. **Severability.** If any provision in this Agreement shall, for any reason, be held invalid or unenforceable in any respect, it shall not affect any other provisions in this Agreement, but shall be construed by limiting it so as to be enforceable to the maximum extent compatible with applicable law, so long as such construction does not materially alter the rights or obligations of the parties hereto or deprive either party of consideration for the undertakings and promises described herein. Accordingly, in such an event, the parties further agree to modify the balance of this Agreement in order to render the same valid and enforceable, while not materially altering the rights or obligations of the parties hereto or depriving either party of the proportionate consideration for which Washington or the City bargained.

_____
Jessie E. Washington

Signed and sworn to before me this
11th day of September, 2017

_____, Notary Public
Richard A. Sinapi
My Commission Expires: 6/22/21

RICHARD A. SINAPI
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES JUNE 22, 2021

**City of Pawtucket**

_____
Authorized Signature

By: Joanna L'Heureux

Title: Finance Director

Signed and sworn to before me this
3rd day of November, 2017

_____, Notary Public
Frank Milos
My Commission Expires: 04/03/2021

- 6 -

# EXHIBIT A

## [City of Pawtucket Letterhead]

Re: <u>Jessie E. Washington</u>

To Whom It May Concern:

Please be advised that Jessie Washington was employed by the City of Pawtucket as a paralegal in the Law Department from March 3, 2014 through May 10, 2017.

During the course of her employment Mrs. Washington performed both Paralegal duties as well as administrative duties whenever needed. She is a hard worker and a quick learner. During her time with the City her previous experience in the legal field proved extremely valuable when converting our Legal Department from paper to an electronic interoffice filing system and again when Rhode Island Courts went from paper filing to e-filing.

Mrs. Washington is also highly skilled at legal research and always met the needed deadlines. She also assisted in a number of additional municipal tasks, such as the incoming requests pursuant to the Rhode Island Access to Public Act, the initial intake of claims against the City and file management, all of which she performed competently.

Thank you.

Very truly yours,

Donald Zimmerman
Director of Human Resources